# Stewart *v.* Conley.

122  179
127  827

*Bill in Equity to enjoin Obstruction of Public Highway.*

1. *Highways; dedication; when shown.*—When an implied dedication is relied on to show the existence of a public highway, the evidence must establish a continuous and exclusive use by the public for a period of twenty years, before a presumption of dedication will arise; but where there is an express dedication, the rights of the public are not dependent upon the use of such highway for any given length of time, but arise and attach to the highway upon its acceptance by the public.

2. *Same; same; completed dedication irrevocable.*—Where the owner of land, under an agreement to do so, even though made with a third person, opens a street or road across his land for the use of the public, and there is an acceptance of such street or road by the public, through a municipality or otherwise, the dedication is complete and becomes an executed contract and irrevocable; and thereafter no act or declaration of such owner can destroy the rights of the public to use the way so dedicated as a public street or road.

3. *Same; same; implied acceptance.*—No formal action on the part of public authorities is necessary to constitute an acceptance of the dedication of a street or highway; and an implied aceptance arises when the public authorities recognize the ex-

istence of the street or highway and assume control over it by improving or repairing it.

4. *Same; same; same; case at bar.*—Where the owner of a lot opens a highway across it, under an agreement with a third person, for a valuable consideration, and there is an implied acceptance by the public improving the highway, there is an executed contract of dedication, and the rights of the public can not be divested by any subsequent acts of the owner.

APPEAL from the Chancery Court of Talladega.

Heard before the Hon. J. R. DOWDELL.

The bill in this case was filed by the appellant, II. A. Stewart, against the appellee, M. S. Conley, and sought to have the defendant perpetually enjoined from building gates or otherwise obstructing a road lying between the premises of the complainant and the respondent in the town of Munford, in Talladega county, Alabama.

The bill alleged the dedication of the road in controversy and that it had been used as a public street and had been accepted by the public. A temporary injunction was granted upon the filing of the bill.

In her answer, the respondent admitted that she was erecting gates across the alleged road, and she averred that she had the right to close up the road, by reason of the fact that she was the widow of R. T. Conley, who owned the property during his life time, and that he is the person alleged in the bill to have dedicated the property as a public highway. The respondent also averred in her answer that the property was a part of the tract of land which had been allotted to her and her minor children as a homestead, and she denied the dedication of said strip of land as a public street, or that it had ever been accepted by the public. The other facts of the case are sufficiently stated in the opinion.

Upon the final submission of the cause, on the pleadings and proof, the chancellor decreed that the complainant was not entitled to the relief prayed for and ordered his bill dismissed. From this decree the complainant appeals, and assigns the rendition thereof as error.

KNOX, BOWIE & DIXON, for appellant.—There is equity in the bill as filed by the complainant.—*Hoole v. Attorney-General*, 22 Ala. 194; 2 Story Equity, § 923.

[Stewart v. Conley.]

"The dedication of a street or road is the setting aside or appropriating the land by the owner for the use of a public road or street."—24 Amer. & Eng. Encyc. of Law, 4 ; 5 *Ib.* 395.

"The question whether land has been dedicated to the public use is one of intent; no particular form is necessary to make a dedication; a grant is not required; it may be made by parol and proven by parol. All that is necessary is the assent of the owner and the fact that it has been used by the public.—Authorities *supra;* Elliott on Roads & Streets, 90.

"Where a public road runs across private property and is used by the public as a common road, without interruption for twenty years, the owner acquiescing in such using, the law presumes a dedication of the ground upon which the road runs, to the use of the public for such purpose."—*Green v. Oakes,* 17 Ill. 256; *Jackson v. Smiley,* 18 Ind. 247; *Gould v. Glass,* 19 Barb. (N. Y.) 179.

No formal act of acceptance is necessary by the public authorities; it may be implied where the authorities take control and make repairs or where there has been a long continued user by the public. So acceptance will generally be presumed where the dedication is beneficial to the public.—24 Am. & Eng. Encyc. of Law, 13 and cases cited; Elliott on Roads and Streets, p. 115. No length of time is necessary to complete a dedication. It can be made instantly by the assent of the owner and acceptance by the public.—4 Am. & Eng. Ency. of Law, *supra; Forney v. Calhoun County,* 84 Ala. 215. "Declarations of the owner are competent evidence to show dedication, and the most efficient mode of proving the intention to dedicate. *A single clear and unequivocal declaration may be sufficient for this purpose;* but a presumption of dedication will not follow from the mere user, without more, for any period short of twenty years."—*Forney v. Calhoun County, supra; Cook v. Harris,* 61 N. Y. 448. "Declarations of the owner cannot be proven to rebut dedication."—4 Am. & Eng. Enc. of Law, p. 10, note; 1 Brickell's Digest, 884, § 563. "When a dedication is once made no act of the subsequent owner of the adjoining land can destroy its character as such."—*Harper v. State,* 21 So. Rep. 354.

Where a road leads from a public crossing to another public road as the connecting link of one public street or road to another public street or road, there arises strong presumption of dedication.—*Western R. R. of Ala. v. Ala. Grand T. R. R. Co.*, 96 Ala. 277.

The owner of land, even though he never dedicated the street, or if the public has a clear title by prescription, may be estopped from closing the street.—*Forney v. Calhoun County, supra; Kennedy v. Jones*, 11 Ala. 63; *S. & N. R. R. Co. v. Alabama Great Southern*, 102 Ala. 236.

BROWNE & DRYER, *contra.*—An alley is usually a private way in which the public have no interest.—*People v. Jackson*, 74 Am. Dec. 732; *Beecher v. People*, 31 Am. Rep 316; *Paul v. Detroit*, 37 Mich. 108; 2 A. & E. Enc. of Law 149; *Bagley v. People*, 38 Am. Rep. 192; *Degrilleau v. Frawley*, 19 So. Rep. 151. And even where a private way has been granted to others, user by the public does not establish dedication.—*Silver v. Spangler*, 1896 Am. Dig. Annuals, 1683.

The mere permissive license to use by the public is not a dedication, and to create prescriptive right, the user by the public must be *adverse* to the use of the owner of the soil, under claim of right which must exist and be asserted continuously for twenty years.—*Harper v. State*, 109 Ala. 68; *McDade v. State*, 95 Ala. 30. When the use of a way has been interrupted, prescriptive right is annihilated and must begin again. Any unambiguous act by the owner which evinces his intention to exclude the public, even where the public use has, anterior to that time, been adverse and exclusive, destroys the prescriptive right and it must begin again and be exercised, exclusive of use by the owner, for over twenty years from the time of the interruption.—*Harper v. State, supra;* 9 Am. & Eng. Enc. of Law, pp. 367-8, and notes.

Prescriptive right never begins to run against the owner until he is excluded from such use of the way as he desires to put it to for his own convenience. However long the use of property by the public may be continued if it appears to be referable as well to an implied

license of the owner as to any assertion of adverse claim by the public the court will attribute it to the former and not the latter source of origin. Enjoyment with the consent or consistent with the rights and interests of the true owner has *no tendency* to prove a conveyance from him or establish an adverse right. So public, general, continuous user of an alley in the business part of a city for more than twenty years, consistent with permissive license from the owner, is not sufficient to establish either prescription or dedication.—*Gage v. M. & O. R. R. Co.*, 84 Ala. 224; *Steel v. Sullivan*, 70 Ala. 589; *Smith v. Inge*, 80 Ala. 283; *Compton v. Hawkins*, 90 Ala. 415.

It follows as a natural sequence from the foregoing principles and authorities, that the user of a wharf consistently with the owner's use for sixty years, is not dedication.—*City of Buffalo v. D. & L. R. R.*, 39 N. Y. S., 4.

Even where there is an unequivocal dedication, to be effective and valid, it must be accepted.—*Forney v. Calhoun County*, 84 Ala. 215.

TYSON, J.—The bill in this case was filed by appellant to enjoin the appellee from enclosing by means of fences and gates, a street or public highway between their respective lots. The bill alleges a dedication to public use of this highway by the husband of respondent and its general use by the traveling public as a street or road.

It appears from the answer that the respondent as the widow of her husband is and has been in possession of the house and lot occupied by him at the date of his death in 1892 as a homestead, set apart to her by the probate court of Talladega county. That in 1872 her husband purchased the strip of land upon which the street or public road now in dispute is located, and that she had erected fences at each end of this road or street and had erected one gate and was in the act of erecting the other across the road when the writ of injunction was served upon her.

It appears from the testimony that during the year 1872, respondent's husband built the two fences upon each side of this street or road, leaving this lane, between

the lot upon which his dwelling was situated and the lot owned by him and now owned by complainant, and these fences have remained in the same place upon which they were built during all these years. It is also beyond cavil that since this road or street in controversy was opened in 1872 it has been used by the public as a highway. That carriages, wagons, pedestrians and persons on horseback traveled over it, and especially was this true of those people living in that section of the county south of the railroad who attended the Baptist church, and those going to a mill situated north of the railroad, and those who desired to go from the Georgia road to the Oxford road and *vice versa*; the two public roads more traveled than any others in that vicinity.

The single question is presented, whether there was an express dedication by Conley, respondent's husband, when he opened this street or road, of it to the public use. The whole theory of the defense was that the use by the public of it was permissive and that no implied dedication can be inferred because of certain interruptions of the public by private uses made of it by Conley during his lifetime, which however are not clearly established by the testimony. In other words, it is contended by appellee that in order for complainant to succeed the evidence must establish a continuous and exclusive use by the public for a period of twenty years before a presumption of dedication will arise. Where an implied dedication is relied upon this theory is undoubtedly correct. But where the evidence shows an express dedication, then the rights of the public are not dependent upon its use for any given length of time, but are dependent upon acceptance by it of the proposed dedication.—Elliott on Roads and Streets, p. 127; *Steele v. Sullivan,* 70 Ala. 589; *Harper v. The State,* 109 Ala. 66; *McDade v. The State,* 95 Ala. 30; 9 Am. & Eng. Encyc. of Law, p. 362, and note.

We have then growing out of the question propounded above, as to whether Conley made an express dedication of the street or road, to ascertain from the evidence, whether he made with any one an agreement or contract by which he was to either open it or leave it open for the use of the traveling public, and if so was there an accept-

ance of it, either express or implied, by the town authorities of Munford as then constituted, or the public? That a verbal agreement or contract to that effect was effectual to bind him, if he made it, can hardly be questioned.—*Steele v. Sullivan, supra;* 9 Am. & Eng. Encyc. of Law, (2d ed.), p. 22; Elliott on Roads and Streets, 91. Nor does the agreement or contract necessarily have to be made with the town or county authorities having charge and control of the public streets or roads of the town or county; it is sufficient if, in pursuance of such agreement, the owner sets it apart to the public and formally declares that such is his intention. Nor is it material that there should be an incorporated municipality to control and direct the use of the land dedicated, nor will a failure to elect officers of the municipality or a failure of the citizens living in an incorporated town to continue the exercise of the political powers conferred upon the municipality by its charter affect the validity of the dedication.—9 Am. & Eng. Ency. Law, (2d ed.), p. 34, note 2; *Horn v. Common Council of Dadeville,* 100 Ala. 199; Elliott on Roads and Streets, 88. If such an agreement is found to exist and there was an acceptance the dedication was completed and became irrevocable, although the dedication, as originally made, was voluntary in the sense of being made without any valuable consideration.—*Forney v. Calhoun County,* 84 Ala. 215, and authorities there cited. Certainly if the owner made the dedication under a contract for a valuable consideration, notwithstanding the consideration moving to him was from a third person and the promise was made to this third party for the benefit of the town or public at large, the principle denying to him this right of revocation, after the acceptance by the town or the public of the dedication, would rest, if possible, upon broader and more just reasons than where the dedication was voluntary.—*Douglass v. City Council of Montgomery,* 118 Ala. 599, 24 So. Rep. 745. That the town or public after an acceptance of the contract made for its benefit, though made by a third person who at the time was a citizen of the municipality and, of course, one of the members of the public at large, and especially interested in the subject matter of

the contract as an individual and a citizen, could have required the street to be kept open after it was opened by the owner in accordance with this agreement, we entertain no doubt. After an owner of the soil opens a street or road for the use of the public under a verbal agreement to do so, and there is an acceptance of it by the municipality, it becomes an executed contract and cannot be violated by him or the municipality so as to deprive the public of its right to the use of it as a public highway.—*Douglass v. City Council of Montgomery, supra.*

Applying these principles to the case under consideration it is unnecessary to enter into a lengthy discussion of the testimony of the numerous witnesses, which is voluminous, but suffice it to say that we find the fact undisputed, that Conley, respondent's husband, just prior to the opening of the street or road, entered into a contract with A. J. Street by which he obligated himself for a valuable consideration to open it for the use of the traveling public. This uncontroverted evidence establishes as a part of the agreement that A. J. Street and Camp were to continue this street to what is known as the Georgia road, which was done by them. The purpose of the agreement being in this way to connect the two leading public roads, to-wit, the Georgia road and the Oxford road by means of this street or road. This was done, as was said above, during the year 1872 or 1873 and Conley built his fences on each side of this street, leaving it for public use.

The only remaining question is, was there an express or implied acceptance by the municipality or public of it as a public street or highway to complete the dedication? No formal acceptance is required of the municipal authorities such as by resolution adopted by the town council or an order entered upon the records of the commissioner's court. "An implied acceptance arises in cases where the public authorities have done acts recognizing the existence of the highway and treating it as one of the public ways of the locality. When control of a way is assumed by the authorities representing the public corporation, an acceptance will be implied. This assumption of control may be evidenced in many ways, but, in

order to constitute an acceptance it must be such as could only be rightfully exercised over a highway. * * * One of the principal indications of acceptance is that of improving or repairing the road or street. * * * And it an acceptance may be implied from a general and long continued use by the public as of right."—Elliott on Roads and Streets, pp. 115-117.

It will be well here to observe that this long continued use by the public need not be of the same period of time as is required when the dedication by the owner is sought to be established by user alone. For, when an acceptance is shown by corporate acts or otherwise, and "the intention to dedicate is clearly manifested, the dedication as against the owner becomes effectual as soon as it is accepted by the public, and the question of time is not at all material."—Elliott on Roads and Streets, p. 127; 2 Dillon on Munic. Corp., § 638. It only becomes material in this case so far as it tends to prove an acceptance by the public of the street dedicated by Conley under his contract with Street in connection with the other evidence.

It also appears from the uncontroverted testimony of A. J. Street, that many years ago and prior to 1884, that he was at one time intendant of the town of Munford and as such had one Kilpatrick, who was under him, to work this street as one of the streets of the town. And a number of witnesses examined by complainant testify to the working of this street by the public road hands; this, however, is controverted by a number of witnesses examined by the respondent. A number of witnesses testify, without dispute, to declarations made by Conley within a few years after he made the dedication as to its being a public street or road. It is true that several witnesses for the respondent say, that within a short time before his death, he claimed the street as his private property. But considering the entire testimony, we are of the opinion that there was an acceptance by the public of his dedication long before he made the latter declaration or attempted to assert any right to appropriate it to his private use. The dedication being completed, no act or declaration of his, after the acceptance, could destroy

the rights acquired by the public to use it as a public street or road.

It follows that the decree of the chancery court dismissing the bill must be reversed and annulled. And this court will render a decree granting the relief prayed for in complainant's bill, reinstate the injunction and make it perpetual.

Reversed and rendered.