**SMITH v. CITY OF DOTHAN.   (4 Div. 125.)**

(Supreme Court of Alabama.   May 22, 1924.)

**1. Dedication** ⚙➡1—Intent and acceptance necessary.

To constitute dedication, intent of owner to dedicate and acceptance by public or authorized persons acting in its behalf are necessary.

**2. Dedication** ⚙➡11—Validity not affected by fact that part of street dedicated without city limits.

The fact that a portion of a street dedicated to a city was at the time without city limits, but was afterwards included by legislative enactment, would not affect validity of dedication when accepted by public subsequent to extension of city limits.

**3. Dedication** ⚙➡1—Common-law principles prevail in Alabama.

Common-law principles as to dedication still prevail in Alabama.

**4. Dedication** ⚙➡16(1)—Road may be dedicated verbally or by writing or by act indicating intent.

A road may be dedicated for public use verbally or by writing, or by a single act or series of acts if same clearly indicate owner's intent.

**5. Dedication** ⚙➡41—Burden of proof on party alleging.

Burden of proof of dedication is upon party alleging

**6. Dedication** ⚙➡44—Evidence held to establish dedication.

Evidence *held* to establish dedication of public street.

**7. Dedication** ⚙➡44—Evidence of intent must be clear and cogent.

Evidence of intent to dedicate must be clear and cogent, and acts relied upon to establish same unequivocal.

**8. Appeal and error** ⚙➡1009(4)—Trial court's findings not disturbed unless contrary to weight of evidence.

Chancellor's finding on oral evidence will not be disturbed on appeal unless plainly contrary to weight thereof.

**9. Dedication** ⚙➡17—Where dedication not conditional, failure to acquire title to all land did not destroy dedication as to balance.

Where one dedicating public street gave no indication that dedication was conditioned upon his acquisition of absolute title to land, part of which was dedicated, but which was held by him at the time subject to an equity of redemption his failure to acquire title did not destroy the dedication as to property owned by him.

Appeal from Circuit Court, Houston County; H. A. Pearce, Judge.

Bill in equity by the City of Dothan against Hugh G. Smith, to prevent obstruction of a highway. From a decree for complainant, respondent appeals. Affirmed.

---

⚙➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

O. S. Lewis, of Dothan, for appellant.

A dedication or gift of land for public use can only be made by the owner or proprietor. Hoole & Poulin v. Atty. Gen., 22 Ala. 190. To constitute a dedication, there must be an intention on the part of the owner and acceptance by the public. Morlang v. Parkersburg, 84 W. Va. 509, 100 S. E. 394, 7 A. L. R. 717; Steele v. Sullivan, 70 Ala. 589; Whitsides v. Green, 13 Utah, 341, 44 Pac. 1032, 57 Am. St. Rep. 740. The user of the public must be such as to exclude private right. Atty. Gen. v. Lakeview Land Co., 143 Ala. 297, 39 South. 303. And the burden to establish a dedication is upon the party asserting it. City of Florence v. Florence L. & L. Co., 204 Ala. 175, 85 South. 516.

Reid & Doster and Farmer, Merrill & Farmer, all of Dothan, for appellee.

The finding of the chancellor has the weight of a verdict, and should not be disturbed, unless contrary to the weight of the evidence. Davis v. Webster Lbr. Co., 207 Ala. 312, 92 South. 901; Taylor v. Burgett, 207 Ala. 54, 91 South. 786; Thompson v. Collier, 170 Ala. 469, 54 South. 493; Finney v. Studebaker Corp., 196 Ala. 422, 72 South. 54; Bell v. Blackshear, 206 Ala. 673, 91 South. 576; Williams v. Midgley, 207 Ala. 269, 92 South. 454. The existence vel non of the intent to dedicate is not to be ascertained from the purpose hidden in the mind of the land owner, but from his acts. East Birmingham Realty Co. v. Birmingham M. & F. Co., 160 Ala. 461, 49 South. 448; Morlang v. Parkersburg, 84 W. Va. 509, 100 S. E. 394, 7 A. L. R. 717. Maintenance of the street after incorporation was a ratification of previous acts by the city. West End v. Eaves, 152 Ala. 334, 44 South. 588. Dedication arises upon acceptance of the highway by the public. Elliott on Roads & Streets, § 121; Stewart v. Conley, 122 Ala. 179, 27 South. 303; 8 R. C. L. 888.

GARDNER, J. This is a bill in equity by the city of Dothan against the appellant for the abatement of a nuisance—an obstruction over and along an alleged public highway called North Park avenue in said city. From a decree granting the relief prayed, the respondent has prosecuted this appeal.

West Main street is one of the chief thoroughfares of the city of Dothan, running east and west from the center of the city to the western limits thereof. North street is practically parallel with West Main street, and runs east and west north of said Main street between a quarter and half mile. Before the improvements which form the subject of this controversy were begun there was a roadway extending from West Main street north to North street of uniform width of approximately 20 feet, which had been used and traveled by the public for a long period of time. The respondent to this bill owned a parcel of land on West Main street, adjoining this roadway, running from West Main street north along said roadway approximately 495 feet. North of respondent's property and on each side of what is known as Park avenue is a tract of land referred to as the Chapman property consisting of more than 60 acres The Chapman property had been sold under a mortgage foreclosure proceeding and purchased by the Dothan Guano Company and the First National Bank of Dothan. Respondent had obtained from these purchasers a contract of purchase, and was in possession and control of the Chapman property, but the statutory right of redemption was still outstanding.

Under the circumstances as thus outlined the respondent had a row of stakes placed on the east and west sides of Park avenue from Main street to North street, extending both across his property and that known as the Chapman property, which was in his possession. These stakes were placed for the purpose of widening the street, and to this end furrows were plowed between these stakes under the respondent's instructions. Respondent has planted shade trees on each side of this avenue as thus widened from Main street to North street, except as to the Moore tract, which was directly opposite his own, and over which he had no control. He requested the authorities of the city of Dothan to open up this street as well as some others, which need not be here noted. This was done, the county authorities also rendering some assistance, and the street was therefore opened up by these public authorities to the width as laid out by the respondent, and from January, 1923, as the evidence discloses, this avenue as thus widened and laid off for its entire distance from West Main street to North street has remained a public thoroughfare of the city of Dothan, extensively and continuously used as a street by the public and maintained, worked, and kept in condition by the city authorities.

Subsequently it developed that the Chapman property was redeemed, and respondent did not acquire the title thereto. In October, 1923, the respondent erected a wire fence in that portion of Park avenue which had been widened by embracing a portion of his own property running along Park avenue north 495 feet, and for the removal of this obstruction the bill was filed.

At the time the improvements were made by widening Park avenue only a portion of the property was within the city limits, but subsequently, in October, 1923, these limits were extended by legislative enactment so as to include all of Park avenue [Local Acts 1923, p. 63], and it appears that subsequent to the passage of this Act the city authorities continued to keep up and maintain Park avenue as thus widened, and as a thorough-

fare it was continued to be used as theretofore.

[1, 2] The city rests its case upon the doctrine of common-law dedication. To constitute a dedication there must of course be an intention of the owner to dedicate the property and an acceptance by the public or by some authorized person or body of persons acting in its behalf. The evidence very clearly shows an acceptance by the public of the dedicated property subsequent to the approval of the act extending the corporate limits so as to embrace all of Park avenue. The fact that a portion of this avenue was not within the city limits at the time of the dedication is therefore without material bearing on this appeal. 8 R. C. L. 888.

There was evidence that respondent expressly requested the city authorities to assist him in opening this street, and he himself rendered aid in that respect, and the street was so opened as laid out by him.

"An express common-law dedication of land to the public use as a highway may rest in parol, and the rights of the public are not dependent upon the use of the highway for any length of time, but arise and attach to the highway upon its acceptance by the public." City of West End v. Eaves, 152 Ala. 334, 44 South. 588.

"After an owner of the soil opens a street or road for the use of the public under a verbal agreement to do so, and there is an acceptance of it by the municipality, it becomes an executed contract, and cannot be violated by him or the municipality so as to deprive the public of its right to the use of it as a public highway. * * * No formal acceptance is required of the municipal authorities. * * * 'An implied acceptance arises in cases where the public authorities have done acts recognizing the existence of the highway and treating it as one of the public ways of the locality. When control of a way is assumed by the authorities representing the public corporation, an acceptance will be implied. * * * One of the principal indications of acceptance is that of improving or repairing the road or street.' * * * The dedication being completed, no act or declaration of his, after the acceptance, could destroy the rights acquired by the public to use it as a public street or road." Stewart v. Conley, 122 Ala. 179, 27 South. 303.

[3, 4] On common-law principles, which still prevail in this state, a road may be effectually dedicated for public use either verbally or by writing, by a single act or series of acts if clear and unequivocal as indicating the owner's intention. Trammell v. Bradford, 198 Ala. 513, 73 South. 894.

[5] The burden of showing the dedication is of course upon the party alleging it, and the use of the public must be of such a character as to exclude the private rights of the owner. Atty. Gen. v. Lakeview 'Land Co., 143 Ala. 291, 39 South. 303.

All of the foregoing principles of law are well understood, and are here briefly stated for convenience in their application to the instant case.

[6] The evidence has been carefully read, and, indeed, contains but few, if any, conflicts. A detailed discussion of it here would serve no useful purpose. Suffice it to say that the conclusion has been reached the evidence is entirely sufficient to justify the finding that the respondent dedicated the portion of the property about which he placed the obstruction to the public as a portion of Park avenue—a public street—and that it was his clear intention so to do. That the property has been sufficiently accepted by the public admits of no controversy

[7] We have not overlooked the argument of counsel for appellant to the effect that the respondent had in view a sale of lots on the Chapman property, the title to which he expected subsequently to acquire, and that the dedication was conditional. We recognize the rule as insisted by counsel for appellant that to establish a dedication the clearest intention on the part of the owner to that effect must be shown, and that the evidence must be clear and cogent and the acts of the owner relied on to establish a dedication must be unequivocal in their indication of the owner's intention to create a public right exclusive of his own. City of Florence v. Florence Land & Lbr. Co., 204 Ala. 175, 85 South. 516

In E. B'ham Realty Co. v. B'ham Mach. & F. Co., 160 Ala. 461, 49 South. 448, this court said, however:

"The existence vel non of the requisite intent is not to be ascertained, * * * from the purpose 'hidden in the mind of the landowner,' but is read by the court, from acts of the owner."

[8] This cause was tried before the court, the evidence being taken orally, and under the uniform ruling of this court the finding of facts, by the chancellor under these circumstances will not be here disturbed, unless it is plainly contrary to the great weight of the evidence. Finney v. Studebaker, 196 Ala. 422, 72 South. 54.

[9] There was evidence to support the finding that the respondent gave no indication that the opening up of this street was to be conditioned upon his subsequent acquisition of the title to the Chapman property, but that, so far as the public authorities were concerned, and the public generally, the dedication was unconditional and unequivocal. As said in Stewart v. Conley, supra:

"The dedication being completed, no act or declaration of his, after the acceptance, could destroy the rights acquired by the public to use it as a public street."

For a distance of 495 feet running north on this avenue, the respondent was the ac-

tual owner on the west side. The fact that he did not subsequently acquire the other property. and was not the owner of the Chapman property, and therefore his dedication as to that particular portion of the avenue may prove ineffectual (Hoole v. Atty. Gen., 22 Ala. 190), has no tendency to destroy the dedication of the property which he actually owned, and which dedication has been accepted by the public.

There is a suggestion in brief of counsel for appellant of a variance in the allegation and proof, but we are of the opinion that this insistence is without merit. There was ample proof before the chancellor to sustain the decree rendered, and we have reached the conclusion that the finding should not be here disturbed. It results that the decree of the court below will be affirmed.

Affirmed. .

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.