(123 So. 208)

## AKIN v. GIDDY. (8 Div. 95.)

Supreme Court of Alabama.    June 27, 1929.

J. Foy Guin, of Russellville, for appellant.

Ernest B. Fite, of Hamilton, and Williams & Chenault, of Russellville, for appellee.

BOULDIN, J. The bill is to enjoin the obstruction of a public street in the town of Atwood; to abate same as a public nuisance.

The appeal is from a decree overruling a demurrer to the bill.

The bill is challenged as insufficient for want of a sufficient showing of the existence of a public street by dedication.

The bill relies upon a statutory dedication by survey and plat, duly certified, acknowledged, and recorded under Code 1923, §§ 10357-10359.

The map or plat is attacked as void for uncertainty, in that it is so omissive or incomplete as to furnish no accurate data from which the location of streets and lots may be ascertained.

A certified transcript of the record of such plat is made exhibit to the bill. This exhibit is sent up for inspection.

█ The particular point raised is that the map does not comply with the requirement: "Such plat or map must show the relation of the lands so platted or mapped to the government survey." A substantial compliance with the statute is essential. Stack v. Tenn. Land Co., 209 Ala. 449, 96 So. 355.

█ The above provision of the statute is a material one. Whether other data clearly identifying the location, measurement, and bearings of lots and streets would suffice in any case we need not decide. Where the only data which will enable a surveyor to go on the ground and locate lots and streets, and their boundaries, consists in references to government surveys, a failure to show the relation of the platted ground to such surveys is fatal. The data furnished by the plat must be such that, with engineering knowledge, the description of the several subdivisions possesses the same degree of certainty required in deeds to real estate. 18 C. J. p. 67, § 57.

The map before us shows the survey to be in S. W. ¼ of Sec. 15, Tp. 8 S., R. 14 W., in Franklin county. It shows the location of the north and south line between east and west half of the section, the south boundary line of the section, and their point of intersection.

Neither of these lines pass through the platted ground, but a dotted line is shown running from southeast corner of block No. 7, east to the half section line, 264 feet.

The specific objection urged is that the map does not show the distance on this half section line from its intersection with the dotted line to its intersection with the south boundary line of the section, nor does it show the bearing of the half section line, nor of the dotted line. On this premise it is asserted no surveyor can ascertain the true location and boundaries of lots and streets shown on the plat.

The premise is incorrect. The map shows it is drawn on a scale of 1″ to 100′. The true north and south line is indicated by the usual arrow drawn on the map. With these the length and bearing of every line on the map may be ascertained.

Affirmed.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.