This is an appeal from a judgment granting a permanent injunction prohibiting Johnson from constructing a roadway across the Morris' property. The issue is whether the trial court erred in its ruling that the alleged road was not a dedicated public street. We affirm.
The Morrises are the owners of Lot 81 in Spring Cove Addition No. 1 Subdivision in Lauderdale County, which they purchased *Page 210 
from the appellant, Johnson. Johnson owned and developed the property on which this subdivision is located, selling the lots in reference to a plat he filed in the Probate Office of Lauderdale County. All the lots in this subdivision are waterfront property, bordering Shoal Creek. See Appendix I which is a portion of the plat filed for record. Appendix II is a copy of a plat which was included in the Morris' abstract supplied by Johnson. Note the discrepancies between the two.
When the Morrises and the owner of Lot 80, Mr. William Harris, purchased their lots, Johnson Drive was a dirt road. The dirt road extended across Lots 79 and 80 to the common boundary of Lots 80 and 81. Later, Johnson Drive was paved by the County. At Mr. Harris' request, the County paved the road about halfway across Lot 80. Although it is not certain, apparently the paved road extending across Lots 79 and 80 is a smaller road than the remainder of Johnson Drive. In their testimony, both Mrs. Morris and appellant, Johnson, refer to the road across Lots 79 and 80 as a "driveway."
Mr. Harris and the Morrises, at their own expense, constructed a paved driveway south of the paved road, running from the western half of Lot 80 to the boundary line of Lots 80 and 81 and down that boundary line to the edge of the water. The Morrises and Mr. Harris use this driveway as their sole means of ingress and egress to Johnson Drive.
The controversy arose when Mr. Johnson began excavating and grading operations in an attempt to extend Johnson Drive across the Morris' property. Mr. Johnson owned waterfront property beyond the Morris' lots which he wants to develop.
Appellant maintains that the sole issue is whether the map or plat in question is in substantial compliance with the statutory requirements for dedication. To this end, appellant claims the plat was correctly certified, acknowledged, and filed.
On the other hand, the Morrises do not deny that the statutory requirements of a dedication were met. Rather, as viewed by the Morrises and the trial court, the issue is whether the dashed lines across Lots 79, 80 and 81 evidence an unequivocal intention to dedicate a public street. The Morrises contend that the dashed lines present an ambiguity. We agree.
It is not disputed that under Alabama law, filing a map or plat in substantial compliance with the statutory requirements constitutes a valid dedication to the public of all streets, alleys, and other public places drawn on the map or plat. Akin v.Giddy, 219 Ala. 682, 123 So. 208 (1929); Stack v. Tennessee LandCo., 209 Ala. 449, 96 So. 355 (1923). However, it is begging the question to assert that substantial compliance with statutory requirements in this case is dispositive of the question of whether there is an unequivocal intention to dedicate a public street across the Morris' property.
Dedication is an affirmative act and must be shown by affirmative evidence or its equivalent. If the acts and declaration of the owner are equivocal, they are insufficient to establish a dedication. Witherall v. Strane, 265 Ala. 218,90 So.2d 251 (1956); Burleson v. Town of Hamilton, 213 Ala. 198,104 So. 253 (1925).
In determining what property is dedicated to the public, the map or plat is to be construed in its entirety. City of Mobile v.Chapman, 202 Ala. 194, 79 So. 566 (1918); McQuillin, Municipal Corporations, § 33.26, p. 688 (3rd Revised Ed.).
The construction of a map or plat is generally for the court, at least when complete and unambiguous. However, if the map or plat is uncertain and ambiguous, parol evidence is admissible, and the question of dedication is for the trier of fact. McQuillin, supra; Elliott, Roads and Streets, § 131, p. 156 (4th ed.). *Page 211 
The plat gives rise to the question of the interpretation to be given the dashed lines across Lots 79, 80 and 81. The boundaries of Johnson Drive are not expressed in a consistent manner. In some places, Johnson Drive is outlined by two solid lines. In others, one boundary line is solid and (it appears) one is a dashed line. In reference to the rest of the plat, the dashed lines crossing Lots 79, 80 and 81 are unique unto themselves. The question of the interpretation of these lines is a factual one.
The testimony of two registered land surveyors, an abstractor, and an attorney familiar with real estate transactions and plats of subdivisions all support the trial court's finding that the dashed lines across the Morris' property presented an ambiguity. In addition, these witnesses further testified that the usual method of showing roads on a subdivision plat is by solid lines. Further, Mr. Johnson testified that he had developed and filed plats of other subdivisions, and on all other subdivision plats the roads were indicated by solid lines. The evidence supports the judgment of the trial court that there had been no dedication of a public street across the Morris' property. Smith v. City ofDothan, 211 Ala. 338, 100 So. 501 (1924).
Appellant relies heavily on Manning v. House, 211 Ala. 570,100 So. 772 (1924), wherein the court affirmed the trial court's judgment that dashed lines across subdivided lots constituted a dedication of a street to the public. However, that case was so decided because of representations made to purchasers of lots in the subdivision that the dashed lines constituted a public street. The court held there was a common-law dedication, which is based on estoppel. See also, McQuillan, supra, § 33.03, p. 634-635; Elliott, supra, § 125, p. 143-145.
Appellant neither argued nor offered evidence to support a claim of dedication by estoppel. In fact, representations made by Mr. Johnson to the Morrises could be the basis of estoppel against Mr. Johnson's claim that there is a dedicated public street across their property.
Also, a statutory dedication in Alabama conveys fee simple title of the dedicated land. Tit. 56, § 14, Code of Alabama 1940, Recompiled 1958. Such a dedication in this case would cause the Morris' property to be divided into two lots, separated by a public street. Such an arrangement would violate State Health Department regulations of minimum square footage for waterfront property.
The judgment of the trial court is hereby affirmed.
AFFIRMED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.
 Appendix # 1 to follow. *Page 212 
[EDITORS' NOTE: APPENDIX #1 IS ELECTRONICALLY NON-TRANSFERRABLE.]
 Appendix # 2 to follow. *Page 213 
[EDITORS' NOTE: APPENDIX #2 IS ELECTRONICALLY NON-TRANSFERRABLE.] *Page 214