KENNEDY, Justice.
Jefferson County and Robert and Elizabeth Eichelberger filed an action against Joe Dichiara, seeking a judgment declaring that Dichiara had no right, title, or interest in a certain parcel of land. The trial court entered such a judgment, and Dichiara appeals.
On March 25, 1955, Herbert and Edith Hanners held title to the disputed property, a triangular-shaped piece of land located at the intersection of Pump House Road and old U.S. Highway 280 in Jefferson County. On that date, Jefferson County attempted to purchase the property from the Han-nerses, and the deed that the Hannerses executed to Jefferson County states that the Hannerses conveyed “all of lot 1 of Abingdon Estates.”
On July 8, 1959, Prank Romano obtained a tax deed to the property. On October 16, 1959, the Hannerses gave Jefferson County a deed of correction. According to the deed of correction, the Hannerses conveyed “to Jefferson County all of their right, title, claim and interest in and to said property” at the time of the execution of the deed on March 25, 1955.
In 1972, Romano sued to have title to the subject property quieted in himself. During the pendency of that suit, the Hanners-es executed a quitclaim deed in favor of the county that released the county from any obligation to reconvey the property under the deed of correction. Ultimately, the trial court in Romano’s case ordered that upon satisfaction of a money judgment in favor of Romano “any title or claim held by [Romano] to the said real property shall be divested out of [Romano] and invested in Respondent, Jefferson County, Alabama.” Jefferson County satisfied Frank Romano’s judgment.
The taxes on the property continued to be assessed in the name of Frank Romano, however. On March 21, 1979, Dichiara obtained a tax deed to the property from the Land Commissioner of the State of Alabama for Romano’s failure to pay the taxes.
The judgment in the action by Romano to quiet title resolved any issues *668 of title and ownership of the land; when Jefferson County satisfied Romano’s judgment, it became owner of the land. According to Alabama statutes, all real and personal property owned by counties and municipal corporations of the State is exempt from ad valorem taxation. Ala.Code 1975, § 40-9-1(1). Jefferson County, accordingly, had no duty to pay ad valorem taxes on the disputed property. Section 40-10-29 provides that a tax deed
“shall convey to and vest in the grantee all the right, title, interest and estate of the person whose duty it was to pay the taxes on such real estate and the lien and claim of the state and county thereto, but it shall not convey the right, title or interest of any reversioner or remainder-man therein.”
Accordingly, because the property was owned by Jefferson County, which is exempt from ad valorem taxation, no one had a duty to pay taxes on the property at the time Dichiara obtained his tax deed. Therefore, the tax deed did not convey any right, title, or interest to Dichiara. Indeed, one cannot obtain an interest in land through a tax deed when there is no tax owed on the land.
The judgment is due to be affirmed.
AFFIRMED.
HORNSBY, C.J., and MADDOX, JONES, ADAMS and HOUSTON, JJ., concur.