INGRAM, Justice.
Mike Montabano appeals from a summary judgment for the City of Mountain Brook in his action to quiet title to a certain parcel of real estate. Montabano claims under a chain of title stemming from a 1982 tax deed to his father (that 1982 tax deed was based on a 1979 tax sale). The City claims fee simple title by means of a statutory dedication that it claims occurred pursuant to Ala.Code 1975, § 35-2-50 and § 35-2-51. It contends that the property was dedicated to the City as a public park on May 11, 1961.
The undisputed facts are as follows: In 1961, Louise Bethune and Peggy McHenry (hereinafter referred to together as “the original owners”) owned a tract of land in the City of Mountain Brook; within that tract was the particular parcel at issue here.[1] In February 1961, the original owners hired a registered surveyor to survey the property and prepare a subdivision map platted to the government survey. The surveyor certified the subdivision plat, and the original owners signed the plat and acknowledged the certification. The certified and acknowledged plat was approved by the City’s Planning Commission. On May 11, 1961, the original owners recorded the certified, acknowledged, and approved subdivision plat in the office of the judge of probate of Jefferson County. On the recorded plat, the parcel at issue here is clearly marked “DEDICATED AS A PUBLIC PARK.” After recording the subdivision plat, the original owners sold several of the lots in the new subdivision.
Despite the recordation of the plat, the Jefferson County tax assessor’s office continued to assess the parcel in the original owners’ names for ad valorem tax purposes. Because of this oversight, the probate judge held the 1979 tax sale, based on taxes the assessor’s records indicated were due from the original owners. In 1982, Montabano’s father received and recorded his tax deed to the property; it purported to convey to him “all right, title and interest” the original owners had held in the property. In 1991, he conveyed his interest to his daughter, and in 1993, his daughter conveyed her interest to her brother, Mike Montabano. In 1994, Montabano filed this quiet title action.
The dispositive issue on appeal is whether the property in question was properly dedicated to the City of Mountain Brook pursuant to § 35-2-50 and § 35-2-51.
The burden of proof regarding the dedication of property to the public lies with the party asserting the dedication, and the dedication must be demonstrated by affirmative evidence. Johnson v. Morris, 362 So.2d 209 (Ala.1978). The declaration and act of the owner concerning a dedication of land to the public must be unequivocal. Johnson, supra. In determining if there has been a proper dedication to the public, the map or *949 plat is to be construed in its entirety. Johnson, supra.
Sections 36-2-50 and -51 provide the statutory mechanism for subdividing property in Alabama. Section 35-2-50 reads:
“Any person ... desiring to subdivide his lands into lots shall cause the same to be surveyed by a competent surveyor, if not already surveyed, and shall cause a plat or map thereof to be made, showing the subdivisions into which it is proposed to divide the same, giving the length and bearings of the boundaries of each lot and its number; and, if it is the purpose of the owner to divide the lands into town lots, such plat or map shall show the streets, alleys and public grounds and give the bearings, length, width and name of each street, as well as the number of each lot and block. Such plat or map must show the relation of the lands so platted or mapped to the government survey.”
Section 35-2-51 reads:
“(a) The plat or map having been completed shall be certified by the surveyor, which certificate must also be signed by the owner ... and acknowledged by such owner ... in the same manner in which deeds are required to be acknowledged. The plat or map, together with the certificate of the surveyor and acknowledgment, shall be recorded in the office of the judge of probate in the county in which the lands are situated, in a suitable book to be kept for that purpose....
“(b) The acknowledgment and recording of such plat or map shall be held to be a conveyance in fee simple of such portion of the premises platted as are marked or noted on such plat or map as donated or granted to the public, and the premises intended for any street, alleyway, common or other public use, as shown in such plat or map, shall be held in trust for the uses and purposes intended or set forth in such plat or map.”
The recording of a plat or map in substantial compliance with the requirements of these sections constitutes a valid dedication to the public of all public places designated in the plat or map. Blair v. Fullmer, 583 So.2d 1307 (Ala.1991); Gaston v. Ames, 514 So.2d 877 (Ala.1987); Johnson, supra. A statutory dedication is deemed to convey title in fee simple to the governing body. § 35-2-51(b); Johnson, supra. “After there has been a proper dedication to the public, that dedication is irrevocable and it cannot be altered or withdrawn except by statutory vacation proceedings.” Gaston, 514 So.2d at 879.
Here, the City introduced into evidence a copy of the subdivision plat recorded by the original owners; that copy was certified true and correct by the judge of probate of Jefferson County. In examining the recorded subdivision plat, we find it evident that the original owners substantially complied with the requirements of §§ 35-2-50 and -51 and thereby perfected a statutory dedication of the parcel to the City. Because there has been no statutory vacation with respect to this parcel or as to the subdivision, the City of Mountain Brook holds title to the parcel in fee simple.
We note that the tax deed through which Montabano claims title conveyed no interest in the parcel to Montabano’s father. At the time of the tax sale, no taxes were due on the parcel; it was owned by the City of Mountain Brook, a municipal corporation not subject to ad valorem taxation. Dichiara v. Jefferson County, 570 So.2d 667 (Ala.1990). Montabano’s father obtained no interest in the parcel through the tax deed, because no taxes were owed on the land. Therefore, Montabano obtained no interest in the property.
The summary judgment in favor of the City of Mountain Brook is affirmed.
AFFIRMED.
MADDOX, SHORES, STEAGALL and COOK, JJ., concur.

. That land is described as “Unit No. 17-5204, Parcel ID 28-2-3-14 — 3, Park Westbuiy Addition to Mountain Brook, 2d Sector.”