## CITY OF DENVER v. CLEMENTS.

1. The doctrine of dedication has its origin in public convenience. Public streets are *essential* for the accommodation of town or city communities, and the proprietor must be presumed to intend what is *essential* to its enjoyment. The term *street*, used on a map of a city or town, imports a *public way* for the free passage of its trade and commerce.

2. An actual intent to reserve any portion of the lands platted into streets otherwise than by express reservation on the plat, should be made manifest with as equal certainty and publicity as the plat.

    Actual intent cannot be permitted to avail against an intent shown by unequivocal acts upon which the public have a right to rely.

3. Where the fee of a street remains in the dedicator, and his use and occupancy of the ground covered by the easement is acquiesced in by the city, a tax thereon will be justified and rendered equitable.

UPON a petition for a rehearing in this case the following opinion was rendered by

ELBERT, J.   The two points insisted upon and emphasized by the learned counsel for the appellee in his petition for a rehearing are : 1. That there can be no dedication of lands to public use without an *intent* to dedicate on the part of the owner.   2. That the facts in this ·case, `instead of· showing an intent on the part of Clements to dedicate Welton street, through Block ' A ' show an intent to *reserve* Block ' A ' entire.

After a careful review of the facts and the authorities, we are confirmed in the views heretofore expressed, in the opinion of the chief justice.   We are satisfied : 1. That the frequent conveyance by Clements.of lots in his addition by reference to the Boyd survey and map of record. was an adoption and ratification of it, and he is bound by it as though it had been made and recorded by his express authority.

2. That the surveying by the owner of a tract of land adjoining a· city into blocks and lots, streets and alleys, mapping the same, with streets thereon, designated as such, and which are continuations of public streets of the city, owned, worked, repaired, lighted and guarded by the city authorities, making the same a matter of public record, and selling lots with reference thereto in his conveyances, are acts, as the public have a right to understand them, utterly inconsistent with any other *intent* than an intent to dedicate to *public* use.

3. The doctrine of dedication has its origin in public convenience ; public streets are *essential* for the accommodation of town and city communities, and a proprietor platting his lands for town or city purposes, must be presumed to intend what is *essential* for its proper enjoyment in this

respect. The term "street" used upon a map of a town or city imports a public way for the free passage of its trade and commerce. Such is its natural and usual signification, and it is inconceivable, having reference to the ordinary course of business, that a party so surveying and mapping his lands without any express reservation, should intend that the streets thereon designated as such, should be regarded as mere private ways, for the use only of those purchasing.

4. These acts, public and without restriction, are of such a high character, as evidence showing an intent to dedicate to public use, that the proprietor, as a general rule, will be estopped to assert the contrary with respect to any portion of the land so designated as streets, and in this they satisfy the definition of the term "dedication," which is the act of devoting or giving property to some proper object, in such a manner as to conclude the owner.

5. If there exist an *actual* intent to reserve any portion of the lands so platted into streets, otherwise than by express reservation on the plat, certainly it should be made manifest in some manner not only of equal certainty, but of equal publicity as the plat, otherwise an *actual intent* cannot be permitted to avail against an intent on which the law will and must insist, as being shown by unequivocal acts upon which the public had a right to rely.

6. The inclosure of Block 'A' with a fence, planting it in trees, the existence of a house off of the line of Welton street, but within the limits of the block, are not of such a character as evidence showing an intent not to dedicate, as to control and destroy the higher and better evidence of intent, as we think, afforded by the recorded plat. On the other hand, as is made plain in the opinion of the chief justice, these acts are entirely consistent with an intent to throw open Welton street to public use as soon as the growing wants of the city should demand it.

7. The effect of the levy and collection of taxes on that portion of Block 'A' through which Welton street passes cannot be said to estop the city to assert the dedication.

The fee in Clements and his occupancy and use of the ground covered by the easement, acquiesced in for the time being by the city, justifies and renders equitable the tax. *Crane* v. *Reeder*, 25 Mich. 320.

The petition for a rehearing is

*Denied.*