[S. F. No. 2677.     Department Two.—January 27, 1904.]

## SOPHIA J. GILFILLAN, Respondent, v. PHŒBE J. SHATTUCK et al., Appellants.

PRIVATE WAY—CUL-DE-SAC—HIGHWAY—QUESTION OF FACT—SUPPORT OF FINDINGS.—A *cul-de-sac* laid out by the owner of a fifty-vara lot as a private way is not a thoroughfare, and very clear and satisfactory evidence is required to prove it a public highway. Whether it is a highway is mainly a question of fact, it being a strong observation to a jury that the way leads nowhere. Findings that it *is* a private way, and not a public highway, will not be disturbed upon appeal, where the evidence is not very clearly to the contrary, but fully sustains the findings.

ID.—JUDGMENT IN FORMER ACTION—ADMISSIBILITY—JOINT OBJECTION. —A judgment rendered in a former action against one of the defendants, adjudging that the *cul-de-sac* was a private way, and not a public way, was admissible as an adjudication against such defendant, and was also proper evidence against the other defendants, as tending to show that plaintiff had not consented to the use of it as a public highway.

ID.—SUPPORT OF INJUNCTION—PRESERVATION OF FENCE AT INNER END OF CUL-DE-SAC—OWNERSHIP OF PASSAGEWAY.—Where plaintiff's lots, which were part of the fifty-vara lot out of which the *cul-de-sac* was formed, were situated at its inner end, and plaintiff had erected a fence across the inner end thereof, and brought suit to restrain a defendant who only owned part of another fifty-vara lot extending from another street laterally across the lower end of the *cul-de-sac,* and her husband, and the superintendent of streets, from destroying

the fence, and to have it adjudged that the *cul-de-sac* was a private way, and not a public highway,—under the complaint and findings in favor of the plaintiff, plaintiff was entitled to the injunction prayed for, and it was immaterial whether or not plaintiff owned the fee to the center of the passageway.

ID.—INVALID ORDINANCE OF SUPERVISORS—ABSENCE OF COMPENSATION.—If the findings be true that the way was only a private way, an ordinance of the supervisors declaring it to be a public highway, without condemnation proceedings or compensation to the owners of the private way, was of no legal consequence.

ID.—THREAT TO DESTROY FENCE.—Where the defendant owning land on the other side of the fence contested the main issue, and the superintendent of streets admitted his purpose to destroy the fence, it is immaterial whether it was or was not proved that such owner had expressly threatened to destroy the fence.

ID.—CONVEYANCES BY ORIGINAL OWNER—DEDICATION NOT SHOWN—PROVISION FOR EXTINCTION OF WAY.—Conveyances of lots adjoining the *cul-de-sac* by the original owner, which expressly provided for an extinction of the *cul-de-sac*, by agreement in writing of the owners of the adjoining allotments, show no conclusive intention to dedicate a public highway, but show the contrary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Franklin K. Lane, City Attorney, and W. I. Brobeck, Assistant, for Board of Public Works, Appellant.

George E. Lawrence, for Phœbe J. Shattuck and D. D. Shattuck, her husband, Appellants.

The deeds of Miles show a dedication of the public street, by which the lots were bounded. (*Breed* v. *Cunningham*, 2 Cal. 368; *Kittle* v. *Pfeiffer*, 22 Cal. 490; *Stone* v. *Brooks*, 35 Cal. 489; *Archer* v. *Salinas City*, 93 Cal. 43, 49; Elliott on Roads and Streets, pp. 126, 127, 128; 5 Am. & Eng. Ency. of Law, p. 405.) A *cul-de-sac* may be a highway. (Elliott on Roads and Streets, 2d ed., sec. 2; *Stone* v. *Brooks*, 35 Cal. 497, 498; *Smith* v. *San Luis Obispo*, 95 Cal. 467; *Bateman* v. *Black*, 14 Eng. Law & Eq. 69; *Rigby Charity* v. *Merryweather*, 11 East, 375, n.; *South* v. *East London etc. Co.*, L. R. 16 Eq. 180; *Vernon* v. *Vestry of St. James*, L. R. 16 Ch. Div. 446;

*People* v. *Kingman,* 34 N. Y. 559; *Bartlett* v. *City of Bangor,* 67 Me. 460; *Sheafe* v. *People,* 87 Ill. 189;[1] *Adams* v. *Harrington,* 114 Ind. 66, 72; *Moore* v. *Ange,* 125 Ind. 562, 564.) The board of supervisors had the right to accept the dedication and make the street a public highway for all purposes. (*Stone* v. *Brooks,* 35 Cal. 494, 496, 497-501; *City of Eureka* v. *Armstrong,* 83 Cal. 624; *Mills* v. *City of Los Angeles,* 90 Cal. 531; *Archer* v. *Salinas City,* 93 Cal. 43.)

Percy V. Long, City Attorney, and John T. Nourse, also for Board of Public Works, Appellant.

Alexander G. Eells, for Respondent.

There was no evidence of dedication. Dedication is never to be presumed without unequivocal evidence of intention on the part of the owner. (*Quinn* v. *Anderson,* 70 Cal. 454; *Demartini* v. *San Francisco,* 107 Cal. 407; *Hope* v. *Barnett,* 78 Cal. 14; *Niles* v. *City of Los Angeles,* 125 Cal. 572.) Evidence of dedication of a *cul-de-sac* as a highway must be clearer and more satisfactory than in case of an open street. (Angell on Highways, 1880 ed., p. 154.) A supposed acceptance of an offer made by Miles in 1849, made fifty years after in 1899, comes too late to be of any avail. (*City of Anaheim* v. *Langenberger,* 134 Cal. 610; *Niles* v. *City of Los Angeles,* 125 Cal. 572.)

McFARLAND, J.—This is an action to restrain the defendants from destroying a certain fence of plaintiff, and to have it adjudged that a certain strip of land is a private way, and not a public highway. Judgment went for plaintiff in the court below, and defendants appeal from the judgment and from an order denying their motion for a new trial. The defendant mainly interested in the litigation is Mrs. Phœbe J. Shattuck, who is the owner of a certain lot of land. Her husband, D. D. Shattuck, was made a defendant, and joined with her in her answer and defense. The only other defendant named in the complaint is Martin F. Fragley, as superintendent of streets of the city and county of San Francisco; and afterwards his successor, the board of public works of said city and county, was substituted for him as defendant.

---

[1] 29 Am. Rep. 49, and note.

Fifty-vara lot No. 124, or at least what was such lot, is situated on the northeast corner of California and Powell streets, in the city of San Francisco. This vara lot was owned in 1849 by one William Miles. He divided it into two equal parts by an open strip of land twenty-five and one half feet wide, commencing at California Street and running northerly to the rear of the lot—one hundred and thirty-seven and one half feet—where it stopped. It did not connect with any street or way other than California Street, and was a *cul-de-sac.* It was called Miles Court, or Miles Street. The question in the case is whether this short one-ended strip is a public highway or a mere private way. The court below found that it was a private way and not a public highway, and it is contended that this finding should be here overturned. We think that the finding is right, and that there is no ground for disturbing it.

In 1849 Miles divided each of the two halves of the vara lot into six equal smaller allotments or lots, making twelve in all, which were numbered consecutively from 1 to 12. During the years from 1849 to 1851 he conveyed all of these smaller lots to various persons, and all of the conveyances, except three, contained a diagram, or plan, showing the vara lot as subdivided, and also this memorandum: "The owners of the allotments on above plan of lot No. 124 may close the alley on said above plan and divide the land it contains equally among all of the said allotments, that is, into twelve equal shares, by general agreement in writing, at any time, said agreement to be recorded." Plaintiff is, and for many years has been, the owner of lots 11 and 12, which adjoin each other, and are on the east side of the passageway—lot 12 extending to the north line of the vara lot. She holds through mesne conveyance from Mary Ann Tay, to whom Miles conveyed the two lots in 1851. The deed from Miles to Tay was one of the three conveyances which did not contain the memorandum above referred to; but it contained this language: "Together with all and singular the tenements, improvements, and appurtenances thereunto belonging or in anywise appertaining," and referred to said diagram. The deeds under which respondent claims title describe her lots as bounded by the easterly side of Miles Street. Immediately north of vara lot 124 is another

vara lot, 123, which fronts on Powell Street, and is not in any way connected with California Street; and the appellant Phœbe Shattuck owns that part of said vara lot 123 which is next to and adjoining vara lot 124 on the north, and includes the land lying north of the said passageway.

The court found all the averments of the complaint to be true except one, which is immaterial, and that all the averments of the answers which are material here are untrue.

It is alleged in the complaint, and found by the court, among other things, "that said Miles Court is not a public street, but is a private way laid out by a former owner of said fifty vara lot No. 124, through which it passes as aforesaid, as a private way for the sole use of the smaller lots into which said fifty-vara lot No. 124 was subdivided by said former owner; that the same was never in any manner dedicated to the public, nor for the use of the public; that the same has continuously since it was so laid out, remained in the sole charge of, and under the sole control and care of the owners of said subdivisions of said fifty-vara lot No. 124; that no person or persons has or have ever used the same, except by the license and permission and for the convenience of said owners of said subdivisions," and "that for many years prior to the tenth day of June, 1896, the plaintiff maintained a fence across the said northerly end of said Miles Court, along the said line between said fifty-vara lots Nos. 123 and 124." It is further averred and found that a few weeks prior to said June 10, 1896, the defendant Phœbe tore down said fence, and that plaintiff immediately began to restore it, and had nearly completed the same, when said Phœbe commenced an action against the present plaintiff to enjoin the latter from constructing or maintaining said fence, and to obtain a judgment declaring Miles Court to be a public street, etc. The action was subsequently tried, and judgment therein was rendered against said Phœbe, plaintiff therein, adjudging that Miles Court was a private way and not a public way. That was the case of Shattuck *v.* Gilfillan, hereinafter referred to. Thereafter, upon certain promises made by said Phœbe, the present plaintiff, Mrs. Gilfillan removed the fence; but afterwards said Phœbe repudiated her promises, and, upon application to the board of supervisors

of the city and county, and without the knowledge of plaintiff, procured said board to pass, and on May 26, 1899, the board did pass, an ordinance declaring said strip of land to be a public street, to be known as Miles Street. After learning of this ordinance plaintiff immediately reconstructed her fence— being the fence involved in this action.

The important finding is, that Miles Court is a private way and not a public highway; and we do not see how it can be successfully attacked, either for want of evidence or because it is "against law."

A *cul-de-sac,* such as the one here in question, is not a thoroughfare,—which is "a passage through," "a passage from one street or opening to another." (Webster's Dictionary; *Woodyer* v. *Hadden,* 5 Taunt. 125, and *Bateman* v. *Bluck,* 14 Eng. Law & Eq. 69.) Whether such a *cul-de-sac* can be a public highway has been a mooted question. (See the two English cases above cited and the notes to *Sheafe* v. *People,* 29 Am. Law Rep., at page 51.) There are not many decisions on the subject. However, it may perhaps be correctly said that it is not a legal impossibility for a *cul-de-sac,* though not a thoroughfare, to be a public highway; but in such case a verdict or finding that such a choked-up and abortive passageway is a public highway should be supported by very clear and satisfactory evidence; and certainly a verdict that it is *not* a public highway should not be disturbed on appeal, unless the evidence is almost overwhelmingly the other way. And the question is mainly one for the jury; as was said in *Bateman* v. *Bluck,* 14 Eng. Law & Eq. 69: "It is for the jury to consider whether, on the whole of the facts proved, they will presume a dedication to the public"; and that "it is always a strong observation to a jury that the way leads nowhere." In the case at bar there was testimony that from at least as early as 1854 "no one has used that street except by the license and permission of the owners of subdivisions in that fifty-vara lot, and the only persons who used it were tradesmen making deliveries and visitors to persons living on that fifty-vara"; that fences were almost continuously kept on and across the northern part of said strip; that these fences were for long periods constructed so as to completely inclose parts of it which were used as a yard, playground,

and garden; and that this condition continued until 1890. What occurred afterwards is above related. We think, therefore, that the evidence fully sustains the findings.

It is contended that there should be a reversal because the court erroneously admitted the judgment-roll in the case of Shattuck *v.* Gilfillan, above noticed; but we do not think so. The objection was made by all the defendants jointly, and the judgment was certainly admissible as against the defendant Mrs. Shattuck; and it is not to be supposed that the court considered it as a direct adjudication of the main issue as against Fragley, who was not a party to that suit. But we think that it was proper evidence against all the defendants to the point that plaintiff had never consented to the use of the said strip of land as a public highway.

Some other points were made by appellant which will be briefly noticed. Under the complaint and findings plaintiff was entitled to the injunction prayed for. Whether or not she owned the fee to the center of the passageway is immaterial. She had valuable easements in the strip—leaving out of view her contingent right, with the consent of the other owners, to have absolute ownership of her proportionate part of it. If the facts found were true, the ordinance of the board of supervisors declaring the strip in question to be a public highway, without condemnation proceedings or compensation, was of no legal consequence. Whether or not it was proven that Mrs. Shattuck had expressly threatened to destroy the fence is immaterial; she contested the main issue in the case, averred that the strip in question was a public highway, and denied that it was a private way, and compelled the litigation and adjudication of the question. Fragley admitted that he intended to tear down the fence, and if he had done so the object of the other defendants would have been accomplished. The fact that in the conveyance made by Miles there were references, for description, to the strip of land here involved was not by any means a conclusive act of dedication of it as a public highway. The memorandum in the deeds showed quite the contrary, and the fact that it does not happen to be in the deed to Mrs. Tay makes no difference as to his intention to dedicate a public highway; it would in fact be absurd to suppose that he intended that all of his

grantors, except three, might close up the alley and divide it between them, but that it should still be a public highway as to the three—a physical impossibility. There are no other points which we deem it necessary to especially notice. The short strip in question, considered as a private way for the convenience of the few owners along it, naturally subserves its purpose; an attempt to consider it as a public highway can end only in declaring it a miscarriage.

The judgment and order appealed from are affirmed.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.