(104 So. 253)

BURLESON v. TOWN OF HAMILTON.
(6 Div. 175.)

(Supreme Court of Alabama. April 9, 1925. Rehearing Denied May 21, 1925.)

1. **Dedication ⬳41—Party claiming dedication of strip of land has burden of proof on that issue.**

Party claiming dedication of strip of land as public highway has burden of proof on that issue.

2. **Dedication ⬳13—Person without power to alienate has no capacity to dedicate.**

Person without power to alienate has no capacity to dedicate.

3. **Dedication ⬳15—Intent to dedicate inferable from blank spaces and lots or blocks, and from purposes to which such lots or blocks are expected to be devoted.**

Intent to dedicate may be inferable from blank spaces and lots or blocks appearing on recorded map or plat, and from purposes to which such lots or blocks are expected to be devoted.

4. **Dedication ⬳44—Dedication must be shown by affirmative evidence or its equivalent.**

Dedication being an affirmative act, it must be shown by affirmative evidence or its equivalent.

5. **Dedication ⬳44—Equivocal acts and declarations of owner are insufficient to establish dedication.**

Equivocal acts and declarations of owner are insufficient to establish dedication.

6. **Dedication ⬳44—Intent to dedicate to public use must be shown by unequivocal acts upon which public has right to rely.**

Intent to dedicate to public use must be shown by unequivocal acts upon which public has right to rely.

7. **Dedication ⬳15—Intent to dedicate, hidden away in owner's mind, is not sufficient to establish dedication.**

Intent to dedicate, which is hidden away in owner's mind, is not sufficient to establish dedication.

8. **Dedication ⬳19(3) — Blank space on recorded plat is not sufficient to show dedication, in absence of showing land covered by it has been devoted to public use.**

A blank space appearing upon the face of a recorded plat is not sufficient to show that the

owner intended by the recording of the plat to devote the premises represented by the blank space to the public use, in the absence of a showing that the land covered by the space has been devoted to a public use.

**9. Dedication ⬡➾44—Evidence held insufficient to establish dedication by recorded plat of strip of land to public use as street.**

Evidence *held* insufficient to establish dedication by recorded plat of strip of land to public use as a street.

**10. Dedication ⬡➾1—Express dedication may be made orally, when use is inaugurated or while it is being enjoyed, and may consist in declarations directly to public.**

Express dedication may be made orally, when the use is inaugurated or while it is being enjoyed, and may consist in declarations directly to the public.

**11. Dedication ⬡➾44—Evidence held not to support finding of oral dedication of land to a public use as street.**

Evidence *held* not to support finding of oral dedication of land to a public use as a street.

Appeal from Circuit Court, Marion County; Ernest Lacy, Judge.

Bill for injunction by W. T. Burleson against the Town of Hamilton. Decree for respondent, and complainant appeals. Reversed and remanded.

C. E. Mitchell, of Hamilton, for appellant.

There must be an intention on the part of the owner to dedicate, and such intention must be ascertained from his acts. East Birmingham Co. v. Birmingham Machine Co., 160 Ala. 461, 49 So. 448. Cashion could not dedicate, when the lands were in the possession of Hamilton. Chapman v. Holding, 60 Ala. 522; Smith v. Dothan, 211 Ala. 338, 100 So. 501.

K. V. Fite, of Hamilton, for appellee.

Dedication may be either statutory or common-law; a writing is not necessary. Stack v. T. L. Co., 209 Ala. 449, 96 So. 355; Hill v. Houk, 155 Ala. 448, 46 So. 562; Forney v. Calhoun, 84 Ala. 215, 4 So. 153. It is not necessary that streets be opened at time of conveyance. The sale of lots with reference to a plat showing streets amounts to a dedication. Sherer v. Jasper, 93 Ala. 530, 9 So. 584; Jackson v. Birmingham Fdry. Co., 154 Ala. 464, 45 So. 660.

SAYRE, J. Appellant sought to enjoin the town of Hamilton and its officers who were proceeding to open a street through property in his possession under a claim of ownership. Relief was denied, and he appeals:

[1] R. W. Cashion owned the property in 1898, and in that year offered it at public sale according to a plat showing its division into eight lots. This controversy relates to an alleged right of way or street along the eastern margin of the tract or the eastern margin of lots 7 and 8 of the tract. Lots 7 and 8 were sold and conveyed to Warren H. Carpenter and this description, viz.: "Also lots Nos. 7 and 8 in said plat 157½ feet wide, and running back to the cross fence between R. W. Cashion and A. J. Hamilton in said section 3, T. 11, R. 14, west, in the town of Hamilton," was employed in the conveyance to him. Carpenter afterwards conveyed to Dunn, Dunn to Cauthen, and June 26, 1905, Cauthen to complainant, Burleson; in each conveyance the property being described as "lots Nos. 7 and 8 in said [Cashion] plat 157½ feet wide, and running back to cross fence between W. H. Carpenter and Effie Mitchell." The cross fence referred to in these conveyances subsequent to the deed to Carpenter had been located on the true line between sections 2 and 3, was 30 feet east of the Cashion-Hamilton fence, and the controversy in this cause relates to the rights of the parties in and to the intervening strip 30 feet wide and lying across the eastern margin of lots 7 and 8 as now confined by complainant's fences. Complainant has been in the adverse possession of this strip since the date of the conveyance to him, and there can be no doubt that he has by that possession acquired title thereto, unless, indeed, it had been dedicated to the public as a highway before his time. So, then, the controlling question in the case is whether there had been a dedication of this strip to the public, and as to that the burden of proof rested upon the town of Hamilton. Defendant's contention is that at or about the time of the sale in 1898 the dedication in dispute was made by the then owner, R. W. Cashion.

[2] The capacity of Cashion to dedicate this land to public use may be doubted, for the reason that during the time of his ownership of the body of land subdivided and sold the strip in question was in the possession and control of A. J. Hamilton, who cultivated it up to the fence described in the Cashion deed to Carpenter as "the cross fence between R. W. Cashion and A. J. Hamilton." It appears that, prior to the time of the transaction stated above, the fence between Cashion and Hamilton had been located on what was supposed to be the section line between their properties; but there was a difference of opinion as to the coincidence of the fence with the section line—a good-natured difference, according to the testimony of Cashion—but Hamilton retained possession until 1901, when he died, and the face of Cashion's deed to Carpenter would seem to indicate something of a concession on the part of the grantor therein on this point. However, shortly after Hamilton's death the true section line was established between Cashion and Hamilton's heir, Mrs. Mitchell,

and coincident with it the fence, referred to in the several conveyances subsequent to the first as "the fence between W. H. Carpenter and Effie Mitchell," was constructed. Cashion was interested in this definite location of the section line, for the reason that he and Mrs. Mitchell owned contiguous lands on opposite sides of the line extending both north and south of the tract which had been divided and sold. Of course, there can be no capacity to dedicate where there is no power to alienate. But the fact of Hamilton's possession at the time of the sale is referred to, not as conclusive of the question at issue, but as a circumstance to be considered, in connection with the facts hereinafter noted, going to show that Cashion at that time did not undertake definitely to dedicate the strip to the public as a highway.

[3-9] It is contended, for one thing, that there was a dedication by plat. The testimony of Cashion, now 75 years of age, is that he made a plat which showed that the space between the Cashion-Hamilton fence and the true section line was reserved as a way or street; he says that the space was marked "street"; but, so far as the evidence goes, no one has seen that plat since the day of the sale, except one Ford, who made a copy of it for the public records some three or four years after complainant had acquired his title. Ford's testimony is that there was nothing on the plat to indicate that the space in question had been reserved or dedicated as a street or way. And it is certain that the recorded copy was not so marked. Such an explicit designation is not always necessary; the intent to dedicate may be inferred from "the relative location of blank spaces and lots or blocks and from the purpose to which the lots or blocks are expected to be devoted." East Birmingham Realty Co. v. Birmingham M. & F. Co., 160 Ala. 461, 49 So. 448. But here the map or plat in evidence indicates nothing more than the grantor's purpose to limit his grant, eastwardly, to the cross fence between himself and Hamilton as then located, and this was all the public knew or can be held to know of its meaning. On this plat the old Military road on one edge of the property was shown, and so two new streets were laid out and designated; but the space in question was left blank. Along its eastern edge the true section line was laid down; but that line was extended beyond both the north and south limits of the plat, and, in any event, goes to show only that the cross fence was not on that line. Dedication is an affirmative act, and must be shown by affirmative evidence or its equivalent. If the acts and declarations of the owner are equivocal, they are insufficient to establish a dedication. Florence v. Florence Land Co., 204 Ala. 175, 85 So. 516; 18 C. J. 53. The intent to dedicate to the public use must be shown by unequivocal acts upon which the public has a right to rely. Denver v. Clements, 3 Colo. 486. An intent hidden away in the owner's mind will not suffice. 18 C. J. 54. "If all that appears upon the face of the plat is a blank space, and there is nothing to show that the land covered by it has been devoted to a public use, it cannot be held from the face of the plat alone that the owner intended by the recording of the plat to devote the premises represented by the blank space upon the plat to the public use." 18 C. J. p. 61, note 36; 18 C. J. p. 65, § 51. There is no sufficient evidence of a dedication by plat.

[10, 11] Nor does the evidence support a finding that there was an oral dedication. "An express dedication may be made orally, when the use is inaugurated or while it is being enjoyed, and may consist in declarations made directly to the public." Hill v. Houk, 155 Ala. 457, 46 So. 564. According to this rule there was no dedication. The great weight of the evidence is to the effect that at the public sale in 1898 nothing was said about a then present dedication to the public. A majority of the witnesses heard nothing to that effect, and what of a possibly different import was heard by one or two of them is easily capable of being interpreted as referring to the space in question as to the location of a street at some future time. And, in any event, the use of the space as a public street was not then inaugurated, nor was it then being enjoyed. On the contrary, the space in controversy has never been used as a street, has for nearly 20 years been within the inclosure of complainant's curtilage, and only now, that is, by the tearing away of his fences and the grading of his land against which this injunction is sought, has any effort been made to subject any part of complainant's land to use as a public highway.

The decree must therefore be reversed and the cause remanded for a decree in agreement with what has been here written.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.