90 So.2d 251

Jack WITHERALL et al.

v.

Clayton C. STRANE et al.

3 Div. 715.

Supreme Court of Alabama.

Sept. 6, 1956.

Rehearing Denied Nov. 15, 1956.

Hill, Hill, Whiting & Harris, Montgomery, for appellants.

Donald McKay, Montgomery, for appellees.

GOODWYN, Justice.

Clayton C. Strane and Ada D. Strane, appellees here, filed a bill of complaint in the circuit court of Montgomery County, in equity, to enjoin the respondents, appellants here, from blocking access to an alleged alley adjoining the complainants' property on the south and the respondents' property on the north. This appeal is by respondents from the final decree granting the relief prayed for.

The Stranes are the owners of lot 7, according to the plat of the Frances S. Powell Estate, as the same appears of record in the office of the Judge of Probate of Montgomery County in Plat Book 3, at page 77. This lot fronts approximately 52 feet on the east side of South Goldthwaite Street and runs back of equal width a distance of 218.5 feet. They went into possession of this lot in 1938 under a bond for title contract with the owner and have lived there continuously since that time. On September 21, 1950, they received a general warranty deed from the owner conveying the lot to them. This deed contains a recital that the grantor "does hereby release, remise, quitclaim and convey unto the said Clayton C. Strane and Ada D. Strane, their heirs and assigns, all of its right, title, interest or claim in and to any alleys, passageways or other easements in any way joining or serving the real estate above described".

On February 5, 1948, there was filed in the office of the Judge of Probate of Montgomery County a plat of the B. P. Crum property adjoining the Stranes' lot on the south. Said plat is recorded in Plat Book 9, at page 23, and consists of lots 1 through 7. Along the north side of said plat there is shown a strip of land 8 feet wide extending east and west the entire length of the plat, a distance of 280 feet east of South Goldthwaite Street. It is this strip which is in controversy. The following drawing, not to scale, is for a better understanding of the situation:

It appears that houses were built and occupied on the lots in the Crum plat for many years prior to the recording of the plat. And, as we understand it, there is no question about Judge Crum's ownership of all of the property embraced in the plat at the time of its recording, including the 8-foot strip, unless there had been acquired by the public, prior to the recording, a prescriptive right to the use of the strip as an alley or other public way. A reference to the plat will show that no designation is given to the 8-foot strip as being an "alley", "public alley", "private alley" or otherwise, nor is there anything on the plat indicating any specific dedication, use or reservation of said strip.

It further appears that the lots in the Crum plat have been sold to the several respondents and that the deeds contain a pro-vision giving to each respondent "the right of ingress or egress in and over the open court in front of said property and leading to Goldthwaite Street and also in and over an 8-foot alley in rear of said property."

On March 19, 1951, all of the owners of the lots in the Crum plat executed an agreement having for its purpose the vacation of said 8-foot strip as an alley, the agreement providing that each property owner would acquire title to that portion of the strip lying adjacent to his lot. Although it appears that said agreement precipitated this litigation, neither its validity nor its effect is now before us.

The Stranes contend that the 8-foot strip is a public alley, first, by reason of its use by the public as an alleyway for the prescriptive period of twenty years or more,

and, second, because it was dedicated as a public alley by the recording of the Crum plat and the selling of lots with reference thereto.

■ We have carefully examined and considered the evidence and have little difficulty in concluding that it is not sufficient to support a finding that the strip gained status as a public alley by prescription. It appears from the evidence that for at least 17 years there have been obstructions across the strip that have blocked its use as an alley or other public way. And such evidence as there is concerning its use by the public prior to that time is inconclusive and unimpressive. Clearly, it is not sufficient to show an adverse use by the public for the prescriptive period of 20 years or more.

Whether a dedication to the public has been effected by the recording of the plat and the sale of lots with reference thereto presents a more difficult problem.

■ We do not understand appellees to contend that there has been a statutory dedication of the alley, but rather that there has been a common-law dedication. The fact that there are statutory methods for dedicating lands to public use does not prevent a common-law dedication. East Birmingham Realty Co. v. Birmingham Machine & Foundry Co., 160 Ala. 461, 473, 49 So. 448.

There is a line of cases holding that "where a person plats land and lays off lots according to such plat and makes sale of one or more of such lots with reference thereto, he irrevocably dedicates the land designated thereon as streets, alleys, avenues, and highways to the public, for public uses." Lybrand v. Town of Pell City, 260 Ala. 534, 538, 71 So.2d 797; Talley v. Wallace, 252 Ala. 96, 97, 39 So.2d 672, 673; Nashville, C. & St. L. Ry. Co. v. Hulgan, 219 Ala. 56, 57, 121 So. 62, and cases there cited. In Smith v. Duke, 257 Ala. 86, 87, 57 So.2d 550, 551, the principle is stated as follows: "*Nothing else being shown*, it is unquestionably true that the platting and recording of the plat showing the park area in question and the sale of lots referring to that plat constitute an irrevocable dedication of the area marked 'park,' except as may be authorized by statute." (Emphasis supplied.)

■ It is our view that the stated principle is not controlling in the case before us. That principle is based on estoppel. Manning v. House, 211 Ala. 570, 573, 100 So. 772. "Proof of dedication by inference from acts of mapping and platting land, and selling lots by reference to the map, is insufficient, unless the sales are shown to have been effectuated by conveyances. It is the estoppel resulting from an effective grant, recognizing the highway, that produces the inference of dedication." 26 C.J.S., Dedication, § 23, p. 82. In the instant case we do not find any element of estoppel. Here, the deeds to the lots, instead of misleading the grantees or the public, clearly show, and put the grantees and the public on notice, that the owner did not intend to dedicate the strip to public use. If a dedication to the public had been intended there would have been no reason for conveying to respondents the right to use the strip. They would have had that right as members of the public. It seems to us that the deeds to the Crum lots definitely settle the purpose and intent in laying off the 8-foot strip. The granting of a right of ingress and egress in and over said strip negatives and excludes the presumption of an intention to dedicate the strip to public use.

■ Another factor bearing on the question of intent is the location and nature of this particular strip. Although the mere fact that an alley is a cul-de-sac does not preclude it from being a public alley, Johnston v. Lonstorf, 128 Wis. 17, 107 N.W. 459, in order to establish the right of the general public to use such an alley the proof must be very clear and satisfactory. Gilfillan v. Shattuck, 142 Cal. 27, 75 P. 646.

■ The intent to dedicate to the public use is the foundation of every dedication. And the burden of proving a dedica-

tion rests upon the party asserting it. State ex rel. Davis v. Meaher, 213 Ala. 466, 484, 105 So. 562; Burleson v. Town of Hamilton, 213 Ala. 198, 200, 104 So. 253; Smith v. City of Dothan, 211 Ala. 338, 340, 100 So. 501. "Dedication is an affirmative act, and must be shown by affirmative evidence or its equivalent. If the acts and declarations of the owner are equivocal, they are insufficient to establish a dedication. * * * The intent to dedicate to the public use must be shown by unequivocal acts upon which the public has a right to rely." Burleson v. Town of Hamilton, supra [213 Ala. 198, 104 So. 254]. In Smith v. City of Dothan, supra [211 Ala. 338, 100 So. 502], the rule was recognized "that to establish a dedication the clearest intention on the part of the owner to that effect must be shown, and that the evidence must be clear and cogent and the acts of the owner relied on to establish a dedication must be unequivocal in their indication of the owner's intention to create a public right exclusive of his own."

From 16 Am.Jur., Dedication, § 17, pp. 361, 362, is the following:

"The intention of the owner to set apart lands or property for the use of the public is the foundation and life of every dedication. Any act upon the part of a dedicator from which an intention to dedicate may be gathered is sufficient to constitute a common-law dedication. The intention at the time is to be considered, not the intention at any subsequent time. Whenever this is unequivocally manifested, the dedication, so far as the owner of the property is concerned, is complete.

" * * * In any case the intention must clearly appear, and the acts and declarations of the owner relied on to establish it must be convincing and unequivocal, indicating, expressly or by plain implication, a purpose to create a right in the public to use the property adversely to him and as of right. * * The intention is to be ascertained from the acts of the owner, and not from the purpose hidden in his mind. Hence, it is necessary for the owner to do some act from which can be drawn a positive intent to dedicate the property to the public.

"The intention must be to appropriate the property to the general use of the public; and when the appropriation is for particular persons only and made under circumstances which exclude the presumption that it was intended to be for public use, a dedication will not be implied, as where the language used in a deed shows the intention to grant a private easement."

The rule is thus stated in 1 Elliott, The Law of Roads and Streets, § 138, p. 164:

"It is essential that the donor should intend to set the land apart for the benefit of the public, for it is held, without contrariety of opinion, that there can be no dedication unless there is present the intent to appropriate the land to the public use. If the intent to dedicate is absent, then there is no valid dedication. The intent which the law means, however, is not a secret one, but is that which is expressed in the visible conduct and open acts of the owner. The public, as well as individuals, have a right to rely on the conduct of the owner as indicative of his intent. If the acts are such as would fairly and reasonably lead an ordinarily prudent man to infer an intent to dedicate, and they are so received and acted upon by the public, the owner can not, after acceptance by the public, recall the appropriation. Regard is to be had to the character and effect of the open and known acts, and not to any latent or hidden purpose. If the open and known acts are of such a character as to induce the belief that the owner intended to dedicate the way to public use, and the public and individuals act upon such conduct, proceed as if there had been in fact a dedication, and acquire rights which would be lost if the owner were allowed to reclaim the land, then the

law will not permit him to assert that there was no intent to dedicate, no matter what may have been his secret intent."

 In view of our holding that an intent to dedicate does not appear there is no occasion to discuss whether there was an acceptance of the claimed dedication.

The decree is due to be reversed and one rendered here denying relief to complainants and dismissing their bill. So ordered.

Reversed and rendered.

SIMPSON, MERRILL and SPANN, JJ., concur.