206 So.2d 588

FAIRHOPE SINGLE TAX CORPORATION

v.

CITY OF FAIRHOPE.

I Div. 434.

Supreme Court of Alabama.

Jan. 11, 1968.

Chason, Stone & Chason, Bay Minette, for appellant.

John V. Duck, Fairhope, for appellee.

SIMPSON, Justice.

On September 29, 1931, Fairhope Single Tax Corporation, an Alabama corporation,

executed and delivered to the Town of Fairhope, a municipal corporation, a deed to nine parcels of land located within the corporate limits of the City of Fairhope.

The deed contained the following:

"WHEREAS, the property hereinafter described has been since it was acquired by the [grantor], used for park purposes, and the [grantee] is willing to take it over and continue such use;

"NOW, THEREFORE, in consideration of the premises, the [grantor] does hereby grant, bargain, sell and convey unto the [grantee], upon the conditions hereinafter expressed and agreed to by the [grantee], in accepting this deed, the following described real property in the Town of Fairhope, Baldwin County, Alabama, viz:

[Description]

\* \* \* \* \* \*

"TO HAVE AND TO HOLD unto the said [grantee], in fee simple, but upon the following conditions:

"1. That the property conveyed shall be forever used as public parks of the Town of Fairhope, according to the general usage of public parks and according to the wishes of a majority of the qualified electors of the Town, \* \* \*.

\* \* \* \* \* \*

"3. That the land conveyed west of Bay View Street north of Fairhope Avenue bounded on the north by Magnolia Avenue and the Swift land and extending on the west to the top of the bluff above Mobile Bay, shall be designated and known as Henry George Park.

\* \* \* \* \* \*

"6. That should the party of the second part [grantee] cease at any time to use the lands conveyed in harmony with the conditions of this conveyance, the title to the same shall immediately revest in the [grantor]."

In 1965, the City of Fairhope appointed a committee for the purpose of choosing a

site for a civic center building to be erected by the City of Fairhope. The committee recommended that the civic center building be erected on a portion of the property described in the above deed and known as Henry George Park.

Thereupon the grantor in that deed, the appellant, filed its bill for a declaratory judgment against the appellee, contending that the erection of such a building on the property was inconsistent with its use as a public park. The appellee by answer also asking for a declaratory judgment, contended that the erection of a civic center building on the property was consistent with the deed.

After hearing the trial court entered a decree holding:

"1. That the City of Fairhope has the right to erect a building of substantial size or dimensions for a recreation center on any of the property described in the deed of dedication to the City by the complainant and cross-respondent, and that building a recreation center is in accordance with the general usage of public parks.

"2. That the use to which the property described in and conveyed by the deed of dedication * * * does include the right to erect structures of substantial size and dimension on said properties or any part or parcel thereof, as long as the construction is used for the good of all of the citizens of the City of Fairhope, and that said construction is in accordance with the general usage of public parks."

The appeal is from this decree.

We have before us, then, but one question. Is the erection of a civic center building, or recreation building, on property dedicated to the city as "park" property consistent with its use as a "park"?

It is apparent from the decree that the trial court concluded that "park purposes" and "public purposes" were synonymous.

In this he is wrong. In Reid v. City of Bessemer, 273 Ala. 317, 139 So.2d 592, this court had occasion to consider whether the City of Bessemer could use land dedicated as a park for the location of a public school building. There we said, speaking through Justice Goodwyn:

"We are unable to agree with appellees' contention that the uses made of the park, as above set forth, disclose an intention that the park was dedicated for all public purposes, including a school building. * * * In 39 Am.Jur., Parks, Squares and Playgrounds, § 2, p. 803, a park is defined as follows:

" 'In times past, a park was understood to be an open square or plaza, usually containing shade trees and seats. No doubt the idea of open air and space with the land kept in grass and trees, as if approximately in the state of nature, still inheres in the general understanding of the word, but it is no longer the dominating thought as it formerly was. The trimming away of thickets and underbrush, the substitution of regular pathways paved and perhaps railed and artificially lighted, which would have been incongruous to our forefathers, now enter into the accepted idea of a park. The term "park," as now commonly understood in his country, means a piece of ground acquired by a city, town, or other public authority, for ornament, and as a place for the resort of the public for recreation and amusement. It is usually laid out in walks, drives, and recreation grounds, so as to afford pleasure to the eye as well as opportunity for open-air recreation.' "

67 C.J.S. Parks pp. 861–863 is consistent with the above, as noted in *Reid*, supra.

Here, the deed clearly indicates an intention on the part of the grantor that the land should be used as a "park" and went further, to note that the grantor had maintained the lands dedicated as a park in the past without the construction of public

buildings and the deed anticipated that the use of the land would be consistent with the use made of it by the grantor. The land involved overlooks Mobile Bay. Its choice as a park was made because of the scenic value, free from the erection of a "building of substantial size or dimensions".

We believe the trial court erred in holding that the erection of such a building, though for the use of the general public, is consistent with the grant. While, as pointed out by the appellee, the cases from other jurisdictions are not all in accord, we believe that under the facts of this case the erection of this building clearly violates the restrictions placed upon the use of this property in the deed under consideration. See also 144 A.L.R. 488.

Reversed and remanded.

MERRILL, COLEMAN, and HARWOOD, JJ., concur.