This is a zoning and land use case.
The plaintiffs filed suit against the City of Trussville (City) and its officials, as well as the developer of a subdivision within the City. The plaintiffs sought to restrain and enjoin the construction of a road to the subdivision across property which is a public park.
Following an ore tenus trial of the case, the trial court denied the plaintiffs' requested relief and dissolved a temporary restraining order which it had earlier issued to halt construction of the road.
The plaintiffs, through able and distinguished counsel, appeal. We affirm.
 I
To fully understand the nature of this case, a summary of the history of the park property is necessary. In the 1940's the United States government conveyed to the City the park property as part of a housing project developed by the federal government. That the property was intended to be used as a public park is evident both from the Deed of Dedication by which the property was conveyed to the City and by the recorded map to which the deed refers.
It appears that the City has never developed the park as such, and the property has remained in its natural state. Nevertheless, it has been used by the public over the years for various types of recreational activities, such as hiking and camping, and has generally become known as Rock Park.
The defendant developer owns approximately 39.9 acres adjacent to Rock Park which he desires to develop as a residential subdivision. This property had lain outside the city limits of Trussville and was zoned as county property.
Apparently following extensive negotiations between the City and the developer, the latter petitioned the City to annex his property. The City by ordinance annexed the property and agreed therein that, if the property was not subsequently rezoned by the City's Planning and Zoning Commission to the classification sought by the developer, the City would grant the developer's petition to de-annex the property.
The City also agreed to provide the developer a right-of-way through Rock Park, the street to be constructed at the developer's expense. This road would provide the public with access to the subdivision through the park.
The City's Planning and Zoning Commission subsequently rezoned the developer's property to the classification he sought, which would permit the construction of single family detached residences and garden homes. The developer then began work on the road or street which would run through Rock Park to his subdivision.
The plaintiffs filed the instant suit to halt construction of the road through Rock Park. Plaintiffs own the residences adjacent to the proposed subdivision. Some of the plaintiffs' residences are adjacent to the park as well.
 II
The plaintiffs' primary contention is that the construction of a road or street across Rock Park to give access to the developer's subdivision is an unlawful diversion of land that has been dedicated as a public park.
After a careful study of the record and what little bit of Alabama law may be applied to this matter, we are of the opinion that, under the circumstances of this particular case, the trial court did not err in denying the plaintiffs' relief.
In the first instance the building of a road through the park property appears to be consistent with the terms of the Deed of Dedication by which the federal government conveyed the park property to the City. The deed provides that the park property "is dedicated and conveyed by the Grantor to the Grantee [City] for use solely for public or civic purposes in connection with the [housing project] and the general municipal undertakings of the Grantee." (Emphasis supplied.)
The Alabama Supreme Court has noted the difference between the use of the terms "park purposes" and "public purposes" in a deed of property to be used for *Page 1305 
a park. In Fairhope Single Tax Corp. v. City of Fairhope,281 Ala. 576, 206 So.2d 588 (1968), the supreme court's holding was clearly to the effect that use of the term "park purposes" was much narrower than use of the term "public purposes" and prevented the construction of a civic center building on the park property.
In the instant case, however, the deed specifies that the City may use the park property in connection with its "general municipal undertakings." The laying of a public road through the park property is clearly a general municipal undertaking, or "public purpose," of the City. See Ala. Code (1975), §§11-47-19 and 11-48-4(1).
The plaintiffs apparently contend that the rather broad language contained in the deed is not controlling as to the uses to which the park property may be put. Rather, they contend, the map or plat of the property, to which the deed refers and which simply designates the land as a park and mentions nothing about general municipal uses, controls because the map was recorded prior to the execution of the deed.See Ala. Code (1975), §§ 35-2-.50 and -51.
We disagree. It appears to be the law in this state that, notwithstanding the effect which Ala. Code (1975), § 35-2-50, gives to a duly recorded map or plat, where such map is used in conjunction with a deed of conveyance it is the terms of the deed which control, even though the map may have been recorded prior to the deed. See Williams v. Oates, 212 Ala. 396,102 So. 712 (1924). See also Witherall v. Strane, 265 Ala. 218,90 So.2d 251 (1956).
In addition to other language in the Deed of Dedication which may be construed to authorize the City to lay a public road through the park, there is also evidence that the road would be beneficial to the park and further its public use and development.
The evidence reflects that, though the public has used the property to some extent over the years for various recreational activities, the City has never developed the property as a park, such as by constructing park facilities. Parts of the property are apparently overgrown and practically inaccessible.
There was evidence that the road would enhance the park property by aiding its accessibility and thus its public use. Moreover, the evidence indicated that the road had been designed to be a divided parkway so that it would be aesthetically pleasing within the park and designed to permit off-street parking and other improvements.
We have found no Alabama cases directly on point, but analogous cases in some jurisdictions have indicated that the construction of a road through a park may be permissible where it is shown to contribute to the use and enjoyment of the park.See, e.g., Ocean Beach Realty Co. v. City of Miami Beach,106 Fla. 392, 143 So. 301 (1932). See also King v. City of Dallas,374 S.W.2d 707 (Tex.Civ.App. 1964).
The plaintiffs make much of the fact that the road is being built to benefit a private developer by providing access to his subdivision through the park. We find this fact to be of little import where there was no evidence of fraud or bad faith and where there was evidence that the City determined that construction of the road would be beneficial to the park and the public.
It should be remembered that the City did not convey to the developer any interest in the dedicated park property. It simply allowed him a right-of-way across the park by exercising its municipal function, as allowed by the Deed of Dedication, to provide for the construction of a public road through the park.
Under the specific circumstances of this case, we do not think that the City exceeded its authority or unlawfully diverted the park property or that the trial court erred in refusing to enjoin construction of the road through the park.
 III
The plaintiffs also contend on appeal that, "in the deal it cut with the developer," the City unlawfully delegated its legislative discretion with regard to zoning. They contend that the rezoning of the developer's property was impermissible contract zoning in that the City agreed to rezone the developer's property to the classification he sought in exchange for his building the road through the park. *Page 1306 
We find this contention to be wholly without merit. The evidence in the record does not indicate that there was an agreement between the City and the developer to rezone the developer's property. Rather, the agreement appears to be simply that, if the Zoning and Planning Commission did not rezone the property to the classification sought by the developer — and there appears to be no assurance that it would — then the City would agree to de-annex the property.
In our opinion, this agreement does not constitute impermissible contract zoning. Cf. Haas v. City of Mobile,289 Ala. 16, 265 So.2d 564 (1972).
Moreover, the evidence does not reflect that the City abdicated its legislative responsibility with regard to the annexation and rezoning of the developer's property. Rather, the evidence indicates that the City was extensively involved in the development of the subdivision. There was apparently much negotiating between the City and the developer both as to the type of residential subdivision that would be built and the type of road that would be laid through the park. In addition, public hearings were held on the developer's petition to rezone his 39.9 acre tract.
The evidence regarding this matter was presented to the trial court ore tenus, and its decision regarding the same will not be set aside by this court unless it is palpably erroneous. SeeHaas, 289 Ala. 16, 265 So.2d 564. See also Clardy v. CapitalCity Asphalt Co., 477 So.2d 350 (Ala. 1985).
The record does not reflect that the trial court's determination that the City had not abdicated its discretion with regard to zoning the developer's land or engaged in contract zoning was palpably erroneous.
This case is due to be affirmed.
AFFIRMED.
BRADLEY, P.J., and INGRAM, J., concur.